WADSWORTH, WHITMAN & CHAPLIN v. CHAMPION.

In a sale of public securities, where the defendant has his election to return them at a certain time or to pay a certain sum for them — this is not usurious — nor is there any room for chancery, as to the damages.

ERROR to reverse a judgment of the County Court, in an action brought by Champion against Wadsworth et al. upon a note dated the 20th of April, A. D. 1789, wherein the defendants jointly and severally promised the plaintiff to pay to him £3,609 14s. 7d. lawful money, within thirteen months from the date, with the lawful interest; demanding £5,000. Per writ dated 17th of June, A. D. 1790.

Plea in bar — That at the time of giving the note on which, etc. it was corruptly agreed between the plaintiff and defendants, that the plaintiff should lend to the defendants upon the application, and for the use of said Chaplin, the following public securities for the term of thirteen months, viz. A certificate of the United States, dated register's office, 10th of August A. D. 1787, certifying a balance due from the United States to Henry Champion the sum of $8,721 and seventy-one ninetieths, bearing interest at 6 per cent. from the 1st of July, A. D. 1780, and signed Joseph Nurse register, on which no interest had been paid. Also sixteen loan office certificates for $400 each, numbered from 3,382 to 3,397, inclusive; and one loan office certificate for $200, No. 4,252, all dated March the 30th A. D. 1778, signed Samuel Hilligas, and countersigned John Lawrence, commissioner, all payable to Henry Champion, with interest at 6 per cent. and on which no interest had been drawn since the 31st of December A. D. 1782.

All which securities were then worth in lawful money no more than £1,105 8s. 1d., and that in consideration of the loan and forbearance of the aforesaid securities for the term of thirteen months aforesaid, the defendants should execute the note on which, etc. for £3,609 14s. 7d. lawful money on interest from the date thereof, and also should execute one other note for the sum of £29 6s. 4d. lawful money, payable

in thirteen months with interest, and that in case the defend-
ants should return at the expiration of said thirteen months
and deliver to the plaintiff the same securities and certificates,
without having drawn any interest upon them or either of
them, the plaintiff would accept them in full payment of the
note on which, etc. but on failure of their delivering said
certificates the plaintiff to be holden to take nothing but
specie on said notes; and that in pursuance of said corrupt
agreement, the plaintiff loaned to said Chaplin said public
securities for the term of thirteen months, and the defend-
ants executed to the plaintiff the note on which, etc. and also
a note for £29 6s. 4d., payable in thirteen months with in-
terest, and for no other cause or consideration.

And the plaintiff made and executed to the defendants an
agreement in writing, wherein and whereby he agreed and
engaged, that if by the day the aforesaid note became due,
the defendants should redeliver or pay to him certificates of
the same description in all respects, and without any interest
drawn on them more than had been upon these; that he would
accept them in payment of said note; but on failure of paying
said certificates to be holden to take nothing but specie on
said note; and that by said corrupt agreement there was and
is in fact taken, reserved and secured in and by the note on
which the sum of £2,698 5s. 6d. lawful money over and above
the lawful interest at the rate of 6 per cent. per annum for
the loan of said securities for the term of thirteen months and
for no other cause or consideration, and by the statute of this
state said note is void.

The plaintiff demurred to the plea in bar. Judgment of the
County Court — That the plea in bar was insufficient.

The defendants laid in a written motion to be heard in
damages upon the chancery of said note; which motion said
County Court refused to grant and gave judgment for the
plaintiff to recover £4,033 17s. 6d. lawful money and cost.

The defendants then moved said court that they might be
allowed to appeal said cause to the Superior Court, and ten-

dered sufficient bonds to prosecute said appeal, and said County Court adjudged that no appeal lay in said cause.

Errors assigned — 1st. That said plea in bar was sufficient and ought to have been so adjudged. 2d. In refusing to hear the parties in damages upon the chancery of said note. 3d. In judging that no appeal lay in said cause.

Judgment of this court — That there is nothing erroneous in the judgment complained of. All the questions determined by the County Court and complained of in the writ of error, depend upon the nature and true construction of the original contract between the parties, to be collected from the writings disclosed upon the record: and by them it clearly appears to have been a sale of those securities at a certain stipulated price, or to return the securities at the end of thirteen months, at the option of the defendant; they chose not to return them, consequently are bound to pay the stipulated sum secured by the note, which is much less than the nominal value and excludes every idea of usury.

The note is for the payment of money only and no payments are claimed to have been made upon it, there is no room for a hearing upon the chancery of said note, the parties having therein agreed the sum. Before the plea was entered by the defendant in error he suggested that said note was vouched by two witnesses and would so appear, had it been brought up in the writ of error, as it ought to have been, and moved for a *certiorari* to the clerk of the County Court to certify said note — which being done, it appeared to be vouched by two witnesses.

DYER, J., dissented, upon the ground that the averments were positive, that more than lawful interest was included in said note by the corrupt agreement of the parties.

By the COURT. The facts stated and disclosed in the plea do not warrant such an inference, and unless they do, the court cannot make it.